**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

XIU JIAN SUN, Spiritual Adam,

    Plaintiff,

       v.

BARACK HUSSEIN OBAMA II,

    Defendant.

---

Civil Action No.  21-1442 (JDB)

**MEMORANDUM OPINION**

Plaintiff Xiu Jian Sun, identifying as "the spiritual Adam" and as a representative of the Church of Jesus Christ of Latter-Day Saints, filed this pro se action against "Barack Obama (Herod)" on April 12, 2021.  Compl. [ECF No. 1].  Because plaintiff's complaint does not state the grounds upon which this Court's jurisdiction depends or a claim upon which relief can be granted, the Court will dismiss this case sua sponte.

As a prefatory matter, the Court notes that plaintiff is a serial complainant who has filed numerous suits in this and other state and federal courts.  See, e.g., Mem. Op. & Order Granting Def.'s Mot. to Dismiss at 2, Church of Jesus Christ of Latter-Day Saints v. Lawrence, No. 19-cv-2886 (RC) (D.D.C. Apr. 20, 2020) [ECF No. 7], aff'd sub nom. Sun v. Lawrence, No. 20-5112, 2020 WL 6600947 (D.C. Cir. Oct. 20, 2020) (per curiam) (collecting cases and dismissing because "Sun's complaint is unintelligible"); Sun v. Secret Gang Org.: Obama Barack-Dog, No. 17-cv-1861 (JDB), 2018 WL 4567164, at *1–3 (D.D.C. Sept. 24, 2018), aff'd sub nom. Sun v. Obama, No. 18-5313, 2019 WL 1239812 (D.C. Cir. Mar. 5, 2019) (per curiam) (noting that Sun had filed at least eight similar complaints and dismissing for failure to state a claim).

In the instant case, plaintiff's complaint "alleges" that "[t]he Lord god of hosts Jehovah, sent messenger through the angel answers to the defendant Barack Obama – Herod said: 'you will be dying in your sin.'" Compl. ¶ 1.  Then, plaintiff quotes from "The Doctrine and Covenants," id. ¶ 2, and requests "[t]rial with god's law" and a "jury to prevent insult and unfair behavior," id. ¶ 4, as well as "a Mandarin Chinese court interpreter," id. ¶ 5.

Although complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure, see Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires that a complaint contain "(1) a short and plain statement of the grounds for the Court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a). Moreover, under Rule 12(b)(1) courts may dismiss complaints which are "'patently insubstantial,' presenting no federal question suitable for decision."  Tooley v. Napolitano, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)).  Claims are insubstantial if they are "essentially fictitious."  Best, 39 F.3d at 330 (quoting Hagans v. Lavine, 415 U.S. 528, 537–38 (1974)).  Courts may also dismiss complaints sua sponte for failure to state a claim under Rule 12(b)(6) "whenever 'the plaintiff cannot possibly win relief.'"  Id. at 331 (quoting Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam)).

The Court finds that the complaint here is incomprehensible.  Even after a liberal construction and careful examination of plaintiff's complaint, this Court is unable to identify any colorable claims.  The complaint does not state the grounds upon which this Court's jurisdiction depends, a cognizable claim showing plaintiff's entitlement to relief, or a demand for relief.  See

Urban v. United Nations, 768 F.2d 1497, 1499 (D.C. Cir. 1985) ("[T]he court is unable to hazard even the most elementary guess as to the relief [plaintiff] seeks, at a loss to decipher the nature of the claims pursued, and unable to discern a plausible nexus between the complaint and the named defendants.").  As the Eastern District of New York noted in Xiu Jian Sun v. New York Office of the Attorney General, "th[is] plaintiff has made a practice of suing any judge, court personnel, government official, or person with whom he has ever interacted.  In addition, the allegations consist entirely of religious pronouncements."  No. 17-CV-5916 (AMD)(SMG), 2017 WL 4740811, at *2 (E.D.N.Y. Oct. 19, 2017).  This complaint follows the same pattern.  Plaintiff has not asserted any causes of action or sought any specific relief.  The complaint therefore fails to comply with Rule 8(a) and will be dismissed.  Further, any claim that might be gleaned from the complaint would be "patently insubstantial" insofar as plaintiff alleges the suit stems from a divine messenger.  Compl. ¶ 1; Best, 39 F.3d at 330 (noting that allegations of "any sort of supernatural intervention" meet the "essentially fictitious" standard).  Hence, the complaint could also be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6).

For these reasons, the Court will dismiss this case.  A separate order has been issued on this date.

/s/

JOHN D. BATES
United States District Judge

Dated: June 4, 2021